IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LUCYNA E. SOPALA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No: 1:19 cv 00830 |
| | ) | |
| MENARD, INC., a corporation | ) | (Removed from the Circuit Court |
| | ) | of Cook County, Illinois |
| Defendant. | ) | Case No. 2018 L 13858) |
| | ) | |
| | ) | **JURY DEMAND** |

## MOTION FOR SUMMARY JUDGMENT

NOW COMES the Defendant, Menard, Inc., by and through its attorney, W. Anthony Andrews, of the law firm of OTTOSEN BRITZ KELLY COOPER GILBERT & DiNOLFO, LTD., and moves this Court, pursuant to Federal Rule of Civil Procedure 56 and Local Rule 56.1, for an award of summary judgment in its favor. In support thereof, Menard submits the accompanying Memorandum of Law in Support of Motion for Summary Judgment and Statement of Uncontested Facts, and states as follows:

1. While shopping at Menard's retail store in Melrose Park, Illinois, Plaintiff tripped and fell over loose bath beads on the floor.

2. Plaintiff filed a negligence lawsuit against Menard to recover damages for her injuries.

3. A plaintiff who alleges that a defendant was negligent must show a duty owed by the defendant, a breach of that duty, and an injury that was proximately caused by the breach. *Newsom-Bogan v. Wendy's Old Fashioned Hamburgers of N.Y., Inc.*, 953 N.E.2d 427, 431 (Ill. App. Ct. 2011).

1

4. Where, as here, the alleged incident involves slipping on some foreign substance, then the plaintiff must prove that: "(1) the substance was placed there by the negligence of the business; (2) the business had actual notice of the substance; or (3) the business had constructive notice of the substance." *Piotrowski v. Menard, Inc.*, 842 F.3d 1035, 1038 (7th Cir. 2016).

5. Plaintiff cannot prove all of these elements and Menard is entitled to summary judgment for two independent reasons.

6. First, Plaintiff has not shown that Menard proximately caused his injuries. Indeed, proximate cause can only be established where there is *reasonable certainty* that the defendant's acts caused the injury. *Stott v. Menard's #3071*, No. 16 C 11037, 2018 WL 745702, *2 (N.D. Ill. Feb. 7, 2018).

7. In this case, Plaintiff has no idea how the bath beads came to be on the floor. As such, Plaintiff can only speculate that Menard's acts caused her injury. But speculation or conjecture regarding the cause of an injury is not sufficient to impose liability for negligence in Illinois, *Smith v. Eli Lilly & Co.*, 560 N.E.2d 324, 328 (Ill. 1990), and is thereby incapable of defeating summary judgment. *See Ciciora v. CCAA, Inc.*, 581 F.3d 480, 483 (7th Cir. 2009).

8. Thus, the Court should award summary judgment to Menard because no evidence exists that Menard proximately caused Plaintiff's injury.

9. Second, Plaintiff cannot present any evidence demonstrating that Menard had either actual or constructive notice that the bath beads were on the floor.

10. As stated above, no witnesses or physical evidence exists that would establish a Menard employee spilled the beads on the floor. In fact, the only evidence in the record suggests that *a guest* most likely caused the beads to be on the floor.

11. Additionally, no evidence exists showing that any Menard employee knew or had reason to know of the condition.

12. Moreover, Plaintiff offers no evidence of how long the beads were on the floor and there is no evidence of similar incidents or complaints involving the aisle floor that would put Menard on notice.

13. Because there is no genuine dispute of material fact that Menard had no notice of the wet floor, this Court should enter summary judgment in Menards' favor.

**WHEREFORE**, Defendant, Menard, Inc., requests that this Honorable Court enter summary judgment in its favor on all counts of Plaintiff's Complaint and for such other and further relief as this Court deems appropriate.

Respectfully submitted,

*/s/ W. Anthony Andrews*
_____
One of the Attorneys for Defendant

W. Anthony Andrews (ARDC No. 6217267)
John E. Motylinski (ARDC No. 6321177)
OTTOSEN BRITZ KELLY COOPER
GILBERT & DINOLFO, LTD.
1804 N. Naper Blvd., Suite 350
Naperville, Illinois 60563
(630) 682-0085 – Telephone
wandrews@ottosenbritz.com